IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00553-WDM-KLM

PATRICK SWEENEY,

    Plaintiff(s),

v.

TELLURIDE SKI AND GOLF LLC,

    Defendant(s).
_____

**ORDER GRANTING IN PART AND HOLDING IN ABEYANCE
DEFENDANT'S MOTION TO COMPEL**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's Motion to Compel Pursuant to Fed. R. Civ. P. 37(a)(2) [Docket No. 34; Filed March 11, 2008] (the "Motion"). Plaintiff filed his Response on April 2, 2008 [Docket No. 36]. Pursuant to D.C. Colo. L. Civ. R. 7.1(C), Plaintiff's Response was due by March 31, 2008. As such, Plaintiff's Response was untimely. Although untimely, the Court elects to consider it. Defendant filed a Reply on April 4, 2008 [Docket No. 37].[1]

    The Motion seeks an Order compelling Plaintiff to respond to Defendant's outstanding Interrogatories and Requests for Production of Documents propounded on January 30, 2008. Pursuant to Fed. R. Civ. P. 33 & 34, the responses to these discovery

---

[1] Although the Court previously directed the parties to properly caption their pleadings [Docket No. 33], the parties' pleadings at issue herein again contain the wrong case number. The Court refers the parties to the civil action number listed in the above caption and directs them to utilize this number in all future pleadings.

requests were due within thirty (30) days of service or February 29, 2008. The Motion also seeks an order compelling Plaintiff to submit his Fed. R. Civ. P. 26 disclosures. Pursuant to the Scheduling Order entered in this case, Plaintiff's disclosures were due on or before November 30, 2007 [Docket No. 26]. The Motion also indicates that Plaintiff failed to respond to Defendants' Requests for Admissions propounded on January 30, 2008, and Defendant requests that these admissions be deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3). Finally, Defendant requests its reasonable attorney fees and costs associated with filing the Motion. While Plaintiff admits that he has not submitted his Rule 26 disclosures or fully complied with Defendant's outstanding discovery requests, Plaintiff contends that Defendant did not satisfy its obligation to confer as required by D.C. Colo. L. Civ. R. 7.1(A).[2]

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and HELD IN ABEYANCE in part** for the reasons set forth below.

As a preliminary matter, and while a close call, the Court finds that the letters and email regarding the parties' outstanding discovery disputes, coupled with the voicemail from Defendant's counsel to Plaintiff's counsel regarding the filing of the Motion to Compel, satisfies Defendant's duty to confer pursuant to Local Rule 7.1(A).

To the extent that the Motion requests an Order compelling Plaintiff to submit his Rule 26 disclosures, the Motion is **granted**. Plaintiff failed to address his alleged failure

---

[2] Plaintiff also filed what appears to be a surreply to address what he describes as Defendant's misrepresentations regarding the level of conference between the parties [Docket No. 38]. The filing of surreplies is not contemplated by the Federal Rules of Civil Procedure or the Court's Local Rules, and the Court declines to consider it.

to submit his Rule 26 disclosures in his Response to the Motion or offer any justification for his failure to comply with the Scheduling Order. Accordingly, on or before **April 30, 2008**, Plaintiff shall submit his Rule 26 disclosures.

To the extent that the Motion requests an Order compelling Plaintiff to respond to the outstanding Interrogatories and Requests for Production of Documents propounded by Defendant on January 30, 2008, the Motion is **granted**. Plaintiff admits in his response that he has not timely submitted verified responses to Defendant's Interrogatories or Requests for Production of Documents. As such, on or before **April 30, 2008**, Plaintiff shall submit his verified responses to Defendant's Interrogatories and Requests for Production of Documents.

To the extent that the Motion requests that the Court order that Defendant's Requests for Admissions be deemed admitted, the Motion is **held in abeyance**. As a preliminary matter, Fed. R. Civ. P. 36(a)(3) clearly states that unless a response is submitted within thirty (30) days of a Request for Admissions, it will be deemed to be an admission. "The rule is quite explicit that matters shall be deemed admitted unless, within the specified time limits, a written answer is filed or objections made." 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2259, at 551 (2d ed. 1994). However, Rule 36(a)(3) is not self-executing and prior to the Court's ruling on this issue, Defendant shall produce a verbatim copy of the Requests for Admissions. *See* 8A *id.* § 2264, at 568. Page three of the Requests for Admissions submitted by Defendant is missing [Docket No. 34-4 at 30-32]. While the Court notes that Plaintiff did not contend that any of the Requests for Admissions are improper, the Court will hold its ruling in abeyance until

3

Defendant can file a verbatim copy of the Requests for Admissions. Defendant shall do so on or before **April 22, 2008**.

IT IS FURTHER **ORDERED** that Defendant's request for attorneys' fees and costs is **DENIED.** However, the Court notes for the record that it is troubled by Plaintiff's failure to participate in the litigation of his case and his failure to produce discovery in a timely fashion. Plaintiff's failure to comply with this Order will invite the imposition of sanctions, including the possibility that the Court will recommend dismissal of his case. It is within the Court's discretion to sanction a party for his discovery abuses pursuant to Fed. R. Civ. P. 37. Plaintiff chose to file his lawsuit in this Court and consequently must abide by the Federal Rules of Civil Procedure and the Court's Local Rules.

Dated: April 11, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix