IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00553-WDM-KLM

PATRICK SWEENEY,

    Plaintiff,

v.

TELLURIDE SKI AND GOLF, LLC,

    Defendant.

---

## ORDER OF DISMISSAL

Miller, J.

This matter is before me following my order to show cause (doc no 58) dated July 14, 2008. Plaintiff has been pro se in this matter since April 30, 2008, when his attorney was granted leave to withdraw. Since then, he has failed to comply with the orders of this Court and to prosecute this matter. He has also provided discovery responses which indicate that the amount in controversy is not and has never been sufficient to meet the statutory threshold of 28 U.S.C. § 1332 and that this Court does not have jurisdiction over this matter. Accordingly, I ordered Plaintiff to show cause on or before August 1, 2008 why this case should not be dismissed for lack of jurisdiction or for failure to prosecute pursuant to D.C.COLO.LCivR 40.1 and for failure to comply with the Court's orders. Plaintiff has not responded to this order. Accordingly, I conclude that this case should be dismissed without prejudice pursuant to D.C.COLO.LCivR 40.1.

However, in circumstances where dismissal without prejudice may nonetheless

mean Plaintiff cannot refile the case because of the statute of limitations, I should consider the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors include: (1) the degree of actual prejudice to the defendant from the plaintiff's conduct; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction; and (5) the efficacy of lesser sanctions.

Applying these factors, I conclude first that Plaintiff's conduct has resulted in a fair amount of prejudice to the Defendant, as the litigation has been ongoing for some time and the parties were well into discovery when Plaintiff ceased his participation. Defendant has incurred costs and fees in the course of discovery and from having to file motions to compel as well as motions to dismiss. Defendant also cannot proceed on the merits of Plaintiff's claim in Plaintiff's absence. I note that Plaintiff's conduct has also resulted in some interference with the judicial process as well. Magistrate Judge Mix has held at least one conference with the parties and has had to address discovery motions filed by Defendant because of Plaintiff's failure to respond. Plaintiff appears to be entirely responsible for these problems, as these issues increased in their seriousness after his counsel withdrew. Plaintiff was warned by Magistrate Judge Mix on April 11, 2008 that "failure to comply with this Order will invite the imposition of sanctions, including the possibility that the Court will recommend dismissal of his case." My order to show cause also informed Plaintiff that if he failed to respond the case could be dismissed without further notice. Finally, given that Plaintiff's absence from this case appears to be completely within his control, it does not appear that a lesser sanction

would have any effect. I conclude that all of the *Ehrenhaus* factors weigh in favor of dismissal.

Accordingly, it is ordered that this case is dismissed without prejudice pursuant to D.C. COLO. LCivR 41.1 for failure to prosecute.

DATED at Denver, Colorado, on August 4, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge